UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.:  9-16-cv-81528-DMM

BRUCE HALLER,

  Plaintiff,

vs.

ADONEL CONCRETE PALM BEACH, INC.,

  Defendant.

_____/

**DEFENDANT ADONEL CONCRETE PALM BEACH, INC.'S MOTION TO DISMISS
COUNT II OF PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF AND
INCORPORATED MEMORANDUM OF LAW**

Defendant, Adonel Concrete Palm Beach, Inc. ("Defendant"), by and through undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), hereby respectfully submits this Motion to Dismiss[1] Count II of the Complaint filed by Plaintiff, Bruce Haller ("Plaintiff") [D.E. # 1], for Declaratory Relief and incorporated Memorandum of Law, and state as follows:

**FACTUAL BACKGROUND**

On August 30, 2016, Plaintiff filed the complaint in this action alleging two counts against Defendant:  Count I for Overtime Pay under the Fair Labor Standards Act (the "FLSA") and Count II for Declaratory Relief based on Defendant's past conduct during Plaintiff's employment with Defendant relating to the unpaid overtime dispute.  [D.E. # 1].  As to Count I for Overtime Pay under the FLSA, Defendant's Answer and Affirmative Defenses is being filed simultaneously with this Motion to Dismiss Count for Declaratory Relief.

---

[1] Without waiving any rights and/or defenses, Defendant files this Motion to Dismiss pursuant to Rule 12(b)(6), which assumes the allegations in the Complaint to be true for the purposes of deciding this motion.  *See United Techs Corp. v. Mazer,* 556 F.3d 1260, 1269 (11th Cir. 2009).  Defendant does not concede that the allegations in the Complaint are correct for any purpose other than to enable review of this motion.

1

As to Count II for Declaratory Relief, Plaintiff alleges that Defendant employed Plaintiff and that Defendant failed to pay Plaintiff overtime compensation for all hours worked by Plaintiff during his employment with Defendant in violation of the FLSA and to keep accurate time records.  [D.E. # 1, ¶¶ 22-25, 38-41].  Based on this past conduct on the part of Defendant, Plaintiff seeks a declaration from this Court that Defendant's past conduct constituted a violation of the FLSA; that Plaintiff is entitled to overtime compensation, liquidated damages, and attorney's fees and costs under the FLSA.  [D.E. # 1, Wherefore clause following ¶ 49, subparagraphs (a) through (e)].

## MEMORANDUM OF LAW

### A.    Legal Standard

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2). When ruling on a motion to dismiss under Rule 12(b)(6), a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010).  However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations."  *Ashcroft v. lqbal,* 556 U.S. 662, 679 (2009). Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  At a minimum, a plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. lqbal,* 556 U.S. at 678.  This standard is "not akin to a 'probability requirement,' but it asks for more

**GORDON & REES SCULLY MANSUKHANI**
200 S. Biscayne Blvd, Suite 4300, Miami, FL 33131• Telephone: 305.428.5300

than a sheer possibility that a defendant has acted unlawfully." *Id.*   In other words, the complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element.   *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556.   "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id. (quoting Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

**B.    Count II for Declaratory Relief, as alleged in Plaintiff's Complaint, Should be Dismissed because Declaratory Relief s Inappropriate to Adjudicate Past Conduct.**

Federal law provides for a remedy of a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-2202.   Section 2201(a) of the Declaratory Judgment Act provides, in pertinent part, that "any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.   Section 2202, in turn, provides that "further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing against any adverse party whose rights have been determined by such judgment."   Here, Count II for Declaratory Relief is brought by Plaintiff under § 2201.   However, as discussed below in greater detail, Plaintiff's factual allegations do not give rise to a cause of action for Declaratory Relief.

In *Sierra Equity Group. Inc. v. White Oak Equity Partners, LLC,* plaintiff brought multiple counts against defendants for past wrongdoing.   *See Sierra Equity Group. Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213 (S.D.Fla. 2009).   Counts were brought for declaratory relief pursuant to 28 U.S.C. § 2201, wherein plaintiff asked the court to make factual determinations regarding defendants' alleged past tortious acts.   The court explained that "the purpose of the Declaratory Judgment Act is to clarify legal relations at issue and to settle controversies prior to a legal breach of duty" and, thus, [d]eclaratory judgment is inappropriate

solely to adjudicate past conduct." *Id.* at 123-31.  The *Sierra Equity* court cited *Public Affairs Associates v. Rickover,* 369 U.S. 111 (1962), noting that the Supreme Court found in *Rickover* that the Declaratory Judgment Act authorizes federal courts to make declarations of rights as to impending conduct on a discretionary basis.  *See Sierra Equity v. White Oak Equity Partners,* 650 F. Supp. 2d at 1231 (citing *Public Affairs Associates v. Rickover,* 369 U.S. at 112); *see also Ceant v. Aventura Limousine & Transportation Service. Inc.,* 874 F. Supp. 2d 1373, 1382 (S.D. Fla. 2012).  In granting defendants' motion to dismiss the counts for declaratory relief, the *Sierra Equity* court ultimately found that in bringing claims only relevant to past conduct, without alleging prospect of future harm, the plaintiff "failed to allege sufficiently a basis upon which declaratory relief would be granted." *Sierra Equity v. White Oak Equity Partners,* 650 F. Supp. 2d at 1231.

Here, dismissal of Count II for Declaratory Relief is appropriate because Plaintiff, like the plaintiff in the *Sierra Equity* case, is a former employee of Defendant and his plea in Count II for Declaratory Relief is based on alleged past conduct in an employment overtime dispute with Defendant.  Plaintiff asks the trier of fact to make findings regarding alleged acts that were committed during his employment with Defendant.  Since Plaintiff is no longer employed by Defendant, dismissal of Count II for Declaratory Relief claim is appropriate because there is an absence of prospective harm.  Accordingly, Plaintiff has no continuing or imminent future injury claim and cannot allege that he may be entitled to declaratory relief.  *See Sierra Equity v. White Oak Equity Partners,* 650 F. Supp. 2d at 1231; *see also Elend v. Basham,* 471 F.3d 1199 (11th Cir. 2006) (citing *31 Foster Children v. Bush,* 329 F. 3d 1255, 1266-67 (11th Cir. 2003)) (holding that declaratory relief is appropriate only when future injury looms with "a high degree of immediacy."); *Mical v. Gold Coast Glass Corp*., 2014 U.S. Dist. LEXIS 3676 (S.D.Fla. 2014) (granting defendants' motion to dismiss count for declaratory relief because it was based on defendant's past conduct in an employment overtime dispute and, thus, plaintiff had no

**GORDON & REES SCULLY MANSUKHANI**
200 S. Biscayne Blvd, Suite 4300, Miami, FL 33131•  Telephone: 305.428.5300

continuing or imminent future injury claim and could not allege that he was entitled to declaratory relief).

**C.      Conclusion**

For all of the above reasons, Defendant, Adonel Concrete of Palm Beach, Inc., respectfully requests that this Court issue an Order dismissing Count II for Declaratory Relief, as alleged in Plaintiff's Complaint.  [D.E. # 1].

Submitted this 27th day of September, 2016.

*s/ Jacqueline M. De Leon*

Jacqueline M. De Leon
Florida Bar No. 115576
jmdeleon@gordonrees.com
Robin Taylor Symons
Florida Bar No. 356832
rsymons@gordonrees.com
GORDON & REES LLP
Southeast Financial Center, Suite 4300
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-428-5300
Facsimile:   877-644-6209
***Counsel for Defendant***
***Adonel Concrete of Palm Beach, Inc.***

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was furnished electronically via the Court's CM/ECF system on all counsel of record or *pro se* parties identified on the following service list.

*s/ Jacqueline M. De Leon*

Jacqueline M. De Leon

## SERVICE LIST

Noah E Storch, Esq.
Noah@floridaovertimelawyer.com
Richard Celler Legal, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone:  (866)-344-9243
Facsimile:  (954)-337-2771
*Counsel for Plaintiff Bruce Haller*

1123591/29796158v.1